### ACKERLY & GERARD CO. v. PARTZ.

(*Supreme Court, General Term, Second Department.* May 11, 1891.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—TITLE OF COURT.

 Code Civil Proc. N. Y. § 2434, provides that supplementary proceedings "may be instituted before a judge of the court out of which, or the county judge, or the special county judge, or the special surrogate of the county to which, the execution was issued." *Held,* that an order made by a county judge in aid of an execution issuing from the supreme court was properly entitled as of the supreme court.

 Appeal from Queens county court.

 Action by the Ackerly & Gerard Company against Charles Partz. The defendant appeals from an order of the county court denying his motion to dismiss supplementary proceedings begun before that court in aid of an execution issued against him from the supreme court. Code Civil Proc. N. Y. § 2434, provides that special proceedings in aid of an execution "may be instituted before a judge of the court out of which, or the county judge, the special county judge, or the special surrogate to which, the execution was issued."

 Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

 *Geo. A. Stearns,* for appellant.  *Charles E. Seward,* for respondent.

 BARNARD, P. J. A judgment was recovered by the plaintiff against the defendant in the supreme court. The judgment roll was filed in Queens county. The defendant resided in that county, and an execution therein directed to the sheriff of Queens county was returned unsatisfied. Upon an affidavit entitled in the supreme court showing these facts, an order was made, also entitled in the supreme court, that the defendant appear and make discovery concerning his property. The order was made by the county judge of Queens county, and the examination was required before him. The defendant claims that the proceeding is in the supreme court, and not before the county judge. By section 2434 of the Code, a county judge has power to institute proceedings supplementary to execution in an action in the supreme court in the county to which an execution may be issued. The affidavit was properly made in the supreme court action. The judgment was still in existence, and this proceeding was a special proceeding to enforce its payment. If the application had been made before a judge of the supreme court, the title of the judgment would have appeared as it does at present, without valid objec-

tion.   Where application is made to the county judge, the affidavit must set out the judgment, and the issue of an execution and its return unsatisfied, and that the judgment is unpaid.   The power of a county judge in the proceedings is the same as a judge of the supreme court.   Code, §§ 348, 349.   His orders are reversed like orders in the supreme court.   Code, § 774.   There is no difference between a case of an order in supplementary proceedings and orders in other cases.   The general rule is that county judges may sign certain orders in the supreme court.   Code, §§ 354, 433, 440, 472, 556, 606, 862, 872, 889.   If the proceeding was an original one begun before the county judge, the title would be surplusage.   The affidavit and order will be supported by the facts contained in them.   The order should therefore be affirmed, with costs.   All concur.